Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff


**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

---

| | | |
|---|---|---|
| **Sunny Wiltbank,** an individual; | ) | No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| **Portfolio Recovery Associates, L.L.C.,** a Delaware limited liability company; | ) | |
| | ) | |
| Defendant. | ) | (Jury Trial Demanded) |

---

Plaintiff alleges as follows:

## I.  Preliminary Statement

1.  Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in

1    deceptive, unfair and abusive debt collection practices
2    in violation of the FDCPA.  Plaintiff seeks to recover
3    actual damages, and statutory damages, as well as
4    reasonable attorney's fees and costs.

### II.   Statutory Structure of FDCPA

6  2.  Congress passed the FDCPA to eliminate abusive debt
7      collection practices by debt collectors, to insure that
8      those debt collectors who refrain from using abusive
9      debt collection practices are not competitively
10     disadvantaged, and to promote consistent state action to
11     protect consumers against debt collection abuses. FDCPA
12     § 1692.

13 3.  The FDCPA is designed to protect consumers who have been
14     victimized by unscrupulous debt collectors regardless of
15     whether a valid debt exists.  <u>Baker v. G.C. Services
16     Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

17 4.  The FDCPA defines a "consumer" as any natural person
18     obligated or allegedly obligated to pay any debt.  FDCPA
19     § 1692a(3).

20 5.  The FDCPA defines "debt" as any obligation or alleged
21     obligation of a consumer to pay money arising out of a
22     transaction in which the money, property, insurance, or
23     services which are the subject or the transaction are
24     primarily for personal, family, or household purposes.
25     FDCPA § 1692a(5).

6.  The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  Jurisdiction

8.  Jurisdiction of the Court over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.  Parties

9.  Plaintiff is an individual residing in Pinal County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer debt.

11.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

- 3 -

12. Defendant Portfolio Recovery Associates, L.L.C. (hereinafter "Portfolio") is a Delaware limited liability company doing business within the State of Arizona.

13. Portfolio regularly collects or attempts to collect debts owed or asserted to be owed or due another.

14. Portfolio regularly collects or attempts to collect debts which it has purchased after default.

15. Portfolio is a "debt collector" as that term is defined by FDCPA § 1692a(6).

**V.   Factual Allegations**

16. Plaintiff incurred a debt for personal, family, and household purposes with CitiBank which ultimately went into default.

17. The debt was subsequently assigned or sold to Portfolio for collection purposes.

18. In or about January 2009, Portfolio's collectors began calling Plaintiff concerning the CitiBank debt.

19. During the week of January 19, 2009, Portfolio's collector telephone Plaintiff on her cell phone and left a voice message for Plaintiff to return the call.

20. During the Week of January 26, 2009, Portfolio's collector began calling Plaintiff at her place of employment.

21. Plaintiff teaches school at the Maricopa High School,

Maricopa, Arizona.

22. Plaintiff is unable to take personal calls at work because she is teaching class all day.

23. From January 26, 2009 and February 9, 2009, Portfolio telephone Plaintiff at her school no fewer than five times, and left messages.

24. On Tuesday, February 3, 2009, Portfolio's collector, Mrs. Crider called the school's attendance office and left a message with the attendance clerk for Plaintiff to return her call.

25. The attendance clerk sent Plaintiff an email informing her of the call from Ms. Crider and the message to call her.

26. On Monday, February 9, 2009, Portfolio's collector called the school and left a message on the voice mail for the Counseling Clerk, which she forwarded to Plaintiff.

27. On Tuesday, February 10, 2009, Plaintiff returned the call to Portfolio's collector, Crider, and told her to stop calling her at work, and that she would be filing bankruptcy.

28. Crider told Plaintiff that she had a copy of her credit report, and that if Plaintiff could afford to pay her mortgages, then she could also afford to pay Portfolio.

29. Crider also told Plaintiff that she would not be able to

1     claim bankruptcy, and that her bankruptcy case would be

2     dismissed.

3  30.  Crider also told Plaintiff that after the bankruptcy

4     case was dismissed, she would owe more that she does now

5     because Portfolio would continue to add interest to the

6     debt.

7  31.  Crider asked for Plaintiff's address, and Plaintiff gave

8     her the address of her bankruptcy attorney.

9  32.  Crider then told Plaintiff that whether her bankruptcy

10     case was dismissed or discharged, it did not matter.

11  33.  On Monday, March 2, 2009 Portfolio's collector "Robin"

12     telephoned Plaintiff.

13  34.  Plaintiff told Robin that Crider had her lawyer's

14     information and that it should be in the file.

15  35.  Plaintiff also told Robin not to call her again and to

16     quit harassing her.

17  36.  Robin became very rude and belligerent towards

18     Plaintiff.

19  37.  Plaintiff told Robin to please calm down and to quit

20     yelling at her.

21  38.  Robin told Plaintiff that "anybody who owes us $20,000

22     can't threaten me."

23  39.  Robin also told Plaintiff that if she had an issue with

24     her to call her manager.

25  40.  The messages left by Portfolio were "communications" as

1    that term is used in the FDCPA.

2   41.  In one or more of the messages left by Portfolio for

3        Plaintiff, Portfolio failed to state that the

4        communication was from a debt collector, and therefore

5        violated the FDCPA § 1692e(11). *See* <u>Foti v. NCO</u>

6        <u>Financial Systems, Inc.</u>, 424 F.Supp.2d 643 (2006); and

7        <u>Leyse v. Corporate Collection Services, Inc.</u>, 2006 WL

8        2708451 (SDNY Sept. 18, 2006).

9   42.  During this time, it was a regular part of Portfolio's

10       debt collection practice to communicate with consumers

11       by leaving messages with third parties without

12       disclosing that the communication was from a debt

13       collector.

14  43.  During most of these calls to Plaintiff, Portfolio

15       failed to give meaningful disclosure of the caller's

16       identity in violation of FDCPA § 1692d(6).

17  44.  Plaintiff was very embarrassed and angry that Portfolio

18       would continue to call her at work and leave messages

19       with her co-workers.

20  45.  As a result of Defendant's actions as outlined above,

21       Plaintiff has suffered damages including, but not

22       limited to, embarrassment, humiliation, anger, and other

23       emotional distress.

24  46.  Defendant's actions as outlined above were intentional,

25       willful, and in gross or reckless disregard of

- 7 -

1     Plaintiff's rights and part of its persistent and
2     routine practice of debt collection.

3 47. In the alternative, Defendant's actions were negligent.

**VI.   Causes of Action**

**a.   Fair Debt Collection Practices Act**

6 48. Plaintiff repeats, realleges, and incorporates by
7     reference the foregoing paragraphs.

8 49. Defendant's violations of the FDCPA include, but are not
9     necessarily limited to, 15 U.S.C. §§ 1692c(a)(2),
10     1692c(b), 1692d, 1692d(6), 1692e, and 1692e(11).

11 50. As a direct result and proximate cause of Defendant's
12     actions in violation of the FDCPA, Plaintiff has
13     suffered actual damages.

**VII.   Demand for Jury Trial**

15     Plaintiff hereby demands a jury trial on all issues so
16 triable.

**VIII.   Prayer for Relief**

18     WHEREFORE, Plaintiff requests that judgment be entered
19 against Defendant for:

20     a) Statutory damages of $1,000 pursuant to §1692k;

21     b) Actual damages in an amount to be determined by
22        trial;

23     c) Costs and reasonable attorney's fees pursuant to
24        §1692k; and

25

- 8 -

1     d)   Such other relief as may be just and proper.

2

3     DATED   March 30, 2009   .

4

5                              s/ Floyd W. Bybee
                               Floyd W. Bybee, #012651
6                              **BYBEE LAW CENTER, PLC**
                               4445 E. Holmes Ave., Suite 107
7                              Mesa, AZ 85206-3398
                               Office:  (480) 756-8822
8                              Fax: (480) 302-4186
                               floyd@bybeelaw.com
9
                               Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 9 -